**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-7623**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERNEST JETER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., District
Judge.  (CR-02-248)

———————

Submitted:  December 9, 2005        Decided:  January 19, 2006

———————

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Melissa J. Kimbrough, Columbia, South Carolina, for Appellant.
Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY,
Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ernest Jeter appeals his conviction and sentence imposed after he pleaded guilty to one count of conspiracy to possess with intent to distribute at least 150 grams but less than 500 grams of cocaine base, in violation of 21 U.S.C. § 846 (2000), and possession of a firearm in and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(2000). Counsel has filed an Anders[1] brief asserting that there are no meritorious issues for appeal. Jeter was notified of his right to file a pro se supplemental brief, but failed to do so. We requested supplemental briefing on the issues contained in United States v. Booker, 543 U.S. 220 (2005), and we have received responses from both parties. Because we conclude that there was no reversible error, we affirm Jeter's conviction and sentence.

Our review of the record reveals that Jeter's plea colloquy was proper and conducted in accordance with the law, see United States v. DeFusco, 949 F.2d 114, 117, 120 (4th Cir. 1991). We further find that Jeter's plea was entered into knowingly, intelligently, and voluntarily.

The district court applied no enhancements to Jeter's sentence, and Jeter was sentenced relative to a guidelines range calculated directly based upon the facts explicitly admitted to by

---

[1]See Anders v. California, 386 U.S. 738 (1967).

him in his plea agreement.[2]  The district court concluded that Jeter had substantially assisted the Government, and ultimately sentenced Jeter well below the calculated guidelines range, to 135 months' imprisonment.

Given that Jeter noted no objections to his sentence below, we review on appeal any potential error in sentencing for plain error.  See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  In Hughes, we held that when a sentence calculated under the Sentencing Guidelines exceeds the maximum sentence authorized by facts found by the jury alone or admitted by the defendant, the defendant could demonstrate plain error that warranted resentencing under Booker.  We find here that the district court did not commit plain error in sentencing Jeter because the 135 month term of imprisonment is not greater than that authorized by facts admitted by him.  The sentence imposed by the district court fell well below the sentencing range authorized by the facts to which Jeter admitted.  Accordingly, Jeter's Sixth Amendment rights were not infringed by his sentence.  Nor does the fact that Jeter was sentenced under a mandatory guidelines scheme render his sentence

---

[2] Specifically, in his plea agreement, Jeter stipulated to a base offense level of thirty-four for purposes of sentencing. After application of a three-level downward adjustment for acceptance of responsibility, to an adjusted offense level of thirty-one, and a criminal history category of IV, the attendant guideline range was 151 to 188 months' imprisonment.  See U.S. Sentencing Guidelines Manual, Ch. 5, Pt. A, table (2001).

erroneous because there is no prejudice apparent on the record that would demonstrate that the district court would have acted differently under an advisory scheme.  See United States v. White, 405 F.3d 208, 216-17, 223-24 (4th Cir. 2005).

As required by Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm Jeter's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED